Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
Billings, MT  59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
        mstermitz@crowleyfleck.com
        jroth@crowleyfleck.com

Peter R. Steenland
Peter C. Whitfield
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
Telephone: 202-736-8000
Email:  psteenland@sidley.com
         pwhitfield@sidley.com

**FILED**

JUN 2 7 2019

Clerk, U.S. District Court
District Of Montana
Missoula

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE,<br><br>              Plaintiffs,<br><br>   vs.<br><br>PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as U.S. Secretary of State; UNITED STATES ARMY CORPS OF ENGINEERS; LT. GENERAL TODD T. SEMONITE, Commanding General and Chief of Engineers; UNITED STATES FISH AND WILDLIFE SERVICE, a   federal agency; GREG SHEEHAN, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service; UNITED STATES BUREAU OF LAND MANAGEMENT, and DAVID BERNHARDT, in his official | CV 19-28-GF-BMM<br><br>**MEMORANDUM IN SUPPORT OF MOTION BY TRANSCANADA KEYSTONE PIPELINE, LP AND TC ENERGY CORPORATION TO INTERVENE IN SUPPORT OF DEFENDANTS** |

capacity as Acting U.S. Secretary of the Interior,

                            Defendants.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

FACTUAL BACKGROUND ..................................................................................... 1

I.    History of TC Energy's Proposed Keystone XL Pipeline and the
      Administrative Processes for Permitting the Keystone XL Pipeline ... 2

II.   Plaintiffs' Claims ................................................................................... 4

ARGUMENT .............................................................................................................. 4

I.    TC Energy Should Be Allowed To Intervene as Matter of Right To
      Defend Its Interests in Keystone XL ..................................................... 5

      A.    This Motion Is Timely ................................................................. 5

      B.    TC Energy Has Legally Protected Interests at Stake ................. 6

      C.    Disposition of This Case May Impair TC Energy's Ability To
            Protect Its Interest ...................................................................... 9

      D.    The Federal Defendants Cannot Adequately Represent TC
            Energy's Interests ........................................................................ 9

II.   Alternatively, TC Energy Should Be Permitted to Intervene Under
      Rule 24(b)(1)(B) ................................................................................... 11

CONCLUSION .......................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Animal Prot. Instit. of Am. v. Mosbacher*,
   799 F. Supp. 173 (D.D.C. 1992) .......................................................................... 8

*Californians for Safe & Competitive Dump Truck Transp. v.
   Mendonca*,
   152 F.3d 1184 (9th Cir. 1998)............................................................................. 11

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011)......................................................................... 10, 11

*In re Estate of Ferdinand E. Marcos Human Rights Litig.*,
   536 F.3d 980 (9th Cir. 2008)................................................................................. 6

*Freedom from Religion Found., Inc. v. Geithner*,
   644 F.3d 836 (9th Cir. 2011)............................................................................... 12

*Idaho Farm Bureau Fed'n v. Babbitt*,
   58 F.3d 1392 (9th Cir. 1995)........................................................................... 6, 12

*Indigenous Envtl. Network v. U.S. Dep't of State*,
   317 F. Supp. 3d 1118 (D. Mont. 2018) ................................................................ 5

*Indigenous Envtl. Network v. U.S. Dep't of State*,
   No. 4:17-cv-00029-BMM (D. Mont. May 25, 2017)........................................... 8

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................. 9

*N. Plains Res. Council v. Shannon*,
   No. 4:17-cv-00031-BMM (D. Mont. Apr. 27, 2017)........................................... 8

*Nat. Res. Def. Council v. U.S. Dep't of State*,
   658 F. Supp. 2d 105 (D.D.C. 2009) ..................................................................... 8

*Perry v. Schwarzenegger*,
   630 F.3d 898 (9th Cir. 2011)................................................................................ 9

*Rosebud Sioux Tribe v. U.S. Dep't of State*,
   No. 4:18-cv-00118-BMM (D. Mont. Dec. 11, 2018) ........................................... 8

*Sierra Club v. EPA*,
   995 F.2d 1478 (9th Cir. 1993), *abrogated by Wilderness Soc'y v.*
   *U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ................................................. 7

*Sisseton-Wahpeton Oyate v. U.S. Dep't of State*,
   659 F. Supp. 2d 1071 (D.S.D. 2009)...................................................................... 8

*Sw. Ctr. for Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001)...................................................................... 7, 10, 11

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002)....................................................................... 6, 7, 12

*Venegas v. Skaggs*,
   867 F.2d 527 (9th Cir. 1989).............................................................................. 12

**Other Authorities**

Fed. R. Civ. P. 24 ......................................................................................... 5, 12, 13

TransCanada Keystone Pipeline, LP ("Keystone") and TC Energy Corporation (collectively "TC Energy") hereby respectfully move for leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, alternatively, to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  The Indigenous Environmental Network and North Coast River Alliance ("Plaintiffs") claim that the Federal Defendants violated the Constitution in issuing a Presidential Permit authorizing border facilities for TC Energy's Keystone XL Pipeline, a multi-billion dollar oil pipeline from Hardisty, Alberta to Steele City, Nebraska.  This is the fourth case in this Court challenging the Keystone XL Pipeline.  *See Indigenous Envtl. Network v. U.S. Dep't of State*, No. 4:17-cv-00029-BMM (D. Mont.); *N. Plains Res. Council v. Shannon*, No. 4:17-cv-00031-BMM (D. Mont.); *Rosebud Sioux Tribe v. U.S. Dep't of State*, No. 4:18-cv-00118-BMM (D. Mont.).  This Court granted TC Energy's motion to intervene in the three previously filed matters.  Because Plaintiffs are seeking to enjoin construction and operation of TC Energy's Keystone XL Pipeline, TC Energy should be permitted to intervene and defend its substantial interests in completing the Keystone XL Pipeline.

## FACTUAL BACKGROUND

This case concerns TC Energy's proposal to construct, maintain and operate the Keystone XL Pipeline ("Keystone XL" or "the Project"), a critical

infrastructure project that will provide economic strength and energy security for the United States.  A recitation of the facts of this matter can be found in the several rulings by this Court that led to this Court's partial order on summary judgment. *See Indigenous Envtl. Network v. U.S. Dep't of State*, 317 F. Supp. 3d 1118, 1119–20 (D. Mont. 2018).

## I.  History of TC Energy's Proposed Keystone XL Pipeline and the Administrative Processes for Permitting the Keystone XL Pipeline

As this Court is aware, TC Energy first applied for a Presidential Permit for Keystone XL in September of 2008, but over the next seven years, the State Department twice denied the permit applications.[1] TC Energy accepted President Trump's invitation to re-apply in January 2017, and on March 23, 2017, State issued a Record of Decision and National Interest Determination ("ROD/NID") finding that issuance of the Presidential Permit would serve the national interest of the United States.[2]

In litigation brought by these and other plaintiffs, this Court vacated the 2017 ROD/NID, which it found was issued in violation of the Administrative Procedure Act ("APA"), the National Environmental Protection Act ("NEPA"), and the

---

[1] Compl. ¶¶ 30-36.

[2] Compl. ¶¶ 37-39.

Endangered Species Act ("ESA"). [3] This Court also remanded the matter to State to supplement its NEPA analysis and better explain some of the reasoning in the ROD/NID, and it enjoined TC Energy from engaging in construction and certain pre-construction activities.[4] TC Energy and the Federal Defendants appealed those rulings.[5]

While that appeal was pending, President Trump on March 29, 2019 formally revoked the permit issued by State in 2017, and personally signed a new Presidential Permit. [6] This new Permit authorizes TC Energy "to construct, connect, operate, and maintain pipeline facilities at the international border of the the United States and Canada at Phillips County, Montana, for the import of oil from Canada to the United States."[7]

---

[3] Compl. ¶¶ 43-47; *see also Indigenous Envtl. Network v. U.S. Dep't of State*, No. 4:17-cv-00029-BMM (D. Mont.) ("*IEN*"), Dkt. 99, at 3-4. *IEN*, Dkt. 218, at 50-54.

[4] Compl. ¶ 44; *see also IEN*, Dkts. 218, 219, 231, 252. This Court entered the same relief in *Northern Plains Resource Council v. U.S. Department of State*, No. 4:17-cv-00031-BMM, which, until entry of judgment, was consolidated with *IEN* in this Court, and was consolidated with *IEN* in the Ninth Circuit.

[5] *See IEN v. U.S. Dep't of State*, No. 18-36068, consolidated with Nos. 18-36069, 19-35036, 19-35064, 19-35099 (9th Cir.).

[6] Compl. ¶ 48.

[7] Presidential Permit 1 (Mar. 29, 2019), https://www.whitehouse.gov/presidential-actions/presidential-permit/

## II.    Plaintiffs' Claims

Plaintiffs filed suit against President Trump, the United States Department of State, the United States Fish and Wildlife Service, the United States Bureau of Land Management, the United States Army Corps of Engineers and individual officials to challenge President Trump's issuance of a Presidential Permit for Keystone XL.  Plaintiffs allege two claims for relief, asserting that Federal Defendants violated:  (1) the Property Clause of the U.S. Constitution (Article IV, section 3, clause 2) by issuing a Presidential Permit that allegedly grants TC Energy permission to construct Keystone XL on federal land (Compl. ¶¶ 51-58) and (2) Article I, section 8, clause 3 of the U.S. Constitution by issuing the Presidential Permit without Constitutional authority over foreign commerce (Compl. ¶¶ 60-66).  Plaintiffs seek declaratory and injunctive relief that would invalidate the 2019 Presidential Permit and prevent Federal Defendants and TC Energy from initiating any activity in furtherance of Keystone XL that would change the physical environment.

## ARGUMENT

TC Energy satisfies the legal standard to intervene as of right as well as for permissive intervention under Federal Rule of Civil Procedure 24 and Local Rule 24.1.  Accordingly, this Court should grant TC Energy's motion in order for it to

protect its interests at issue in this matter and to advocate for a favorable resolution of this case.[8]

## I.    TC Energy Should Be Allowed To Intervene as Matter of Right To Defend Its Interests in Keystone XL

A party may intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) upon demonstrating that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008) (internal quotations and citation omitted).  TC Energy satisfies these requirements.

### A.    This Motion Is Timely

TC Energy's Motion is timely because it is seeking to intervene at the earliest stage of the litigation – soon after Federal Defendants' deadline to respond to the complaint, which is June 27, 2019.

_____

[8]  TC Energy respectfully requests that its deadline under Federal Rule of Civil Procedure 24(c) and Local Rule 24.1 for pleading or filing a dispositive motion be deferred until seven days after the date that such filing by the Federal Defendants is due, or seven days after the Court rules on this Motion, whichever is later.

5

Given the early stage of this legal action, TC Energy satisfies the timeliness requirement under Rule 24(a)(2). Courts have found intervention to be timely when proposed intervenors filed under similar, if not later, circumstances. *E.g.*, *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (noting that a timely motion to intervene was filed "only approximately one and [a] half months after the suit was filed"); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (permitting a "very early" motion to intervene submitted four months after the filing of the action, two months after defendants had filed an answer and submitted the administrative record, and "before any hearings or rulings on substantive matters"). Moreover, intervention at this time poses no prejudice to Plaintiffs because it will not unduly delay the proceedings in this matter.

## B.    TC Energy Has Legally Protected Interests at Stake

TC Energy and its subsidiary TransCanada Keystone Pipeline have made substantial financial investments in and acquired property and permitting rights to Keystone XL. Thus, they have substantial interests in this matter because Plaintiffs' complaint directly targets Keystone XL.

The Ninth Circuit explained that a movant for intervention has adequate interests in a suit where "the resolution of the plaintiff's claims actually will affect the applicant." *City of Los Angeles*, 288 F.3d at 398 (internal quotation marks and

citations omitted). The interest test directs courts to make a practical, threshold inquiry, and is a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. *See id.*

Courts routinely grant intervention to parties with property or other commercial interests that are the subject of another party's challenges to government action. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818-22 (9th Cir. 2001). Likewise, entities that obtain federal permits have protectable interests in defending against challenges to those permits. *See e.g.*, *Sierra Club v. EPA*, 995 F.2d 1478, 1482 (9th Cir. 1993) (owner of a facility with a Clean Water Act permit could intervene to defend against suit to invalidate the permit), *abrogated by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *Animal Prot. Instit. of Am. v. Mosbacher*, 799 F. Supp. 173, 175 (D.D.C. 1992) (aquarium with permit to import marine mammals intervened to defend against suit to invalidate the permit).

Under these precedents, TC Energy satisfies the substantial, protectable interests requirement. TC Energy has protectable interests in pursuing Keystone XL and defending its permits and other federal approvals

In three recent cases filed in this District involving challenges to Keystone XL's Presidential Permit, this Court granted TC Energy's motions to intervene.

*See Indigenous Envtl. Network v. U.S. Dep't of State*, No. 4:17-cv-00029-BMM

(D. Mont. May 25, 2017) (Order, Dkt. No. 37); *N. Plains Res. Council v. Shannon*,

No. 4:17-cv-00031-BMM (D. Mont. Apr. 27, 2017) (Order, Dkt. No. 23); *Rosebud*

*Sioux Tribe v. U.S. Dep't of State*, No. 4:18-cv-00118-BMM (D. Mont. Dec. 11,

2018) (Order, Dkt. No. 24).  Further, in two cases filed to challenge the

Presidential Permit issued for the initial Keystone Pipeline, Keystone's entitlement

to intervene was not disputed.  *See Sisseton-Wahpeton Oyate v. U.S. Dep't of State*,

659 F. Supp. 2d 1071 (D.S.D. 2009); *Nat. Res. Def. Council v. U.S. Dep't of State*,

658 F. Supp. 2d 105 (D.D.C. 2009).  Because Plaintiffs' suit also challenges TC

Energy's interest in Keystone XL's Presidential Permit, TC Energy's intervention

here is proper.

Although the Ninth Circuit does not require an intervenor to demonstrate

constitutional standing, *see Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir.

2011), the above facts regarding TC Energy's substantial interest for intervention

also show that TC Energy has Article III standing.  *See Lujan v. Defs. of Wildlife*,

504 U.S. 555, 560 (1992).  TC Energy would suffer injury-in-fact if Plaintiffs

succeed in obtaining the relief sought here.  Delay or termination of Keystone XL

would cause serious economic harm to TC Energy and that potential injury is best

redressed by mounting a stalwart defense of Federal Defendants' actions allowing

the Project to proceed.

## C.    Disposition of This Case May Impair TC Energy's Ability To Protect Its Interest

The third intervention factor requires courts to consider whether an applicant

for intervention is so situated "that the disposition of the action may, as a practical

matter, impair or impede the applicant's ability to protect [its] interest." *Sw. Ctr.*

*for Biological Diversity*, 268 F.3d at 817-18.  TC Energy is clearly so situated.

Plaintiffs seek to enjoin construction and operation of Keystone XL and to

invalidate its Presidential Permit.  If Plaintiffs prevail, this Court might enjoin

construction or operation of Keystone XL, thereby substantially jeopardizing the

Project.  Any relief of that nature would obviously impair TC Energy's ability to

recover on its investments and meet commercial demand for oil transportation

service.  Because Plaintiffs seek relief that would have direct, immediate and

harmful impact on Keystone XL, TC Energy satisfies this element of Rule

24(a)(2).  *See id.*

## D.    The Federal Defendants Cannot Adequately Represent TC Energy's Interests

A putative intervenor only needs to show that representation of its interests

by existing parties "'may be' inadequate" and that the burden of making that

showing should be treated as minimal.  *Citizens for Balanced Use v. Mont.*

*Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  The Ninth Circuit has held

that private entities may intervene when the government representation is

9

inadequate, even if the private entities and the government share the same ultimate

objective. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823. This rule reflects

that "the government's representation of the public interest may not be identical to

the individual parochial interest of a particular group just because both entities

occupy the same posture in the litigation." *Citizens for Balanced Use*, 647 F.3d at

899 (internal quotation marks and citation omitted).

Federal Defendants cannot adequately represent TC Energy because they

necessarily will pursue a set of interests broader than TC Energy's interests in

constructing and operating Keystone XL. Here, Federal Defendants are

administering various constitutional and statutory responsibilities, and are charged

by law with representing the public interest of the country. This interest is

significantly different than TC Energy's "more narrow and 'parochial'" interest in

constructing and operating energy infrastructure. *See Californians for Safe &*

*Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir.

1998) (distinguishing between the narrower and more parochial interest of

intervenor and the broader interests of the public at large); *see also Sw. Ctr. for*

*Biological Diversity*, 268 F.3d at 823-24. This difference is sufficient to justify

intervention. *E.g.*, *Californians for Safe & Competitive Dump Truck Transp.*, 152

F.3d at 1190.

## II.     Alternatively, TC Energy Should Be Permitted to Intervene Under Rule 24(b)(1)(B)

In the alternative, the Court should allow TC Energy to intervene under Rule 24(b)(1)(B). Permissive intervention is appropriate when an intervenor satisfies three conditions: (1) it must show an independent ground for jurisdiction, (2) the motion must be timely, and (3) its claim or defense and the main action must have a question of law and fact in common. *See, e.g.*, *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989).

First, because this is a federal question case and TC Energy does not seek to bring any counterclaims or cross-claims, the independent jurisdictional grounds requirement does not apply. *See, e.g.*, *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

Second, as explained above, this application for intervention is timely, because it was filed shortly after Plaintiffs officially served the Complaint on the Federal Defendants. *See, e.g.*, *City of Los Angeles*, 288 F.3d at 398 (motion was timely when filed "only" one and a half months after filing of suit); *Idaho Farm Bureau Fed'n*, 58 F.3d at 1397 (successful motion to intervene was submitted four months after the filing of the action, two months after defendants had filed an answer and submitted the administrative record, and "before any hearings or rulings on substantive matters").

Third, TC Energy's defenses share "common question[s]" of law and fact with Plaintiffs' suit. Fed. R. Civ. P. 24(b)(1)(B). Federal courts have permitted parties to intervene when their claims share only a single common question. *See, e.g.*, *Venegas*, 867 F.2d at 530. Here, as in the other pending case in which TC Energy has been granted intervention, the questions that TC Energy would address are the same as those confronting Federal Defendants. And, as in the other pending matter, TC Energy would address the same factual questions faced by Federal Defendants because judicial review of this matter would involve the scope of authorization for Keystone XL based on the 2019 Presidential Permit.

In respect to the legal issues, TC Energy seeks to defend against Plaintiffs' efforts to have this Court invalidate the Presidential Permit. TC Energy's intervention, therefore, fully satisfies the requirements for permissive intervention under Rule 24(b)(1)(B).

Finally, TC Energy's intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). TC Energy seeks to address the same set of issues that Plaintiffs will present to this Court for resolution. Given TC Energy's request to participate in this matter at the current stage, its intervention will not delay any currently existing deadlines. As in past challenges to its federal permits, TC Energy's intervention will cause no delay. TC Energy has been participating extensively in the proceedings before the Federal

12

Defendants, as well as in the ongoing litigation before this Court. Its continued participation would not proliferate different issues or cause any confusion or prejudice. Further, TC Energy pledges to abide by any scheduling deadlines agreed to by Plaintiffs and the Federal Defendants.

## CONCLUSION

WHEREFORE, TC Energy respectfully requests leave to intervene as of right in this matter as allowed by Federal Rule of Civil Procedure 24(a)(2). Alternatively, TC Energy respectfully requests leave for permissive intervention as provided by Federal Rule of Civil Procedure 24(b)(1)(B). TC Energy also respectfully requests that its time period for filing a responsive pleading or dispositive motion as intervenor be extended to allow for it to file its answer or motion seven days after the deadline by which the Federal Defendants must file such pleading or motion, or seven days after the Court enters an Order acting on this Motion.

DATED this 27th day of June 2019,

By: _____

Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
Billings, MT  59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
        mstermitz@crowleyfleck.com

13

jroth@crowleyfleck.com
*Counsel for TransCanada Keystone*
*Pipeline LP and TC Energy*
*Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief contains 3,056

words, excluding caption and certificates of service and compliance, printed in at

least 14 points and is double spaced, including for footnotes and indented

quotations.

By: _____

Jeffrey M. Roth
CROWLEY FLECK PLLP
*Counsel for TransCanada Keystone
Pipeline LP and TC Energy
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served via the Court's

CM/ECF system on all counsel of record upon acceptance by the Court.

By: _____
Jeffrey M. Roth
CROWLEY FLECK PLLP
*Counsel for TransCanada Keystone*
*Pipeline LP and TC Energy*
*Corporation*