JAMES A. PATTEN
PATTEN, PETERMAN,
BEKKEDAHL & GREEN,
       PLLC
Suite 300, The Fratt Building
2817 Second Avenue North
Billings, MT 59101-2041
Telephone:  (406) 252-8500
Facsimile:  (406) 294-9500
email:  apatten@ppbglaw.com

Attorneys for Plaintiffs
INDIGENOUS
ENVIRONMENTAL
NETWORK and NORTH
COAST RIVERS ALLIANCE

STEPHAN C. VOLKER (Pro hac vice)
ALEXIS E. KRIEG (Pro hac vice)
STEPHANIE L. CLARKE (Pro hac vice)
JAMEY M.B. VOLKER (Pro hac vice)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703-1424
Telephone:  (510) 496-0600
Facsimile:  (510) 845-1255
email:      svolker@volkerlaw.com
            akrieg@volkerlaw.com
            sclarke@volkerlaw.com
            jvolker@volkerlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as U.S. Secretary of State; UNITED STATES ARMY CORPS OF ENGINEERS; LT. GENERAL TODD T. SEMONITE, Commanding General and Chief of Engineers; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; GREG SHEEHAN, in his official | Civ. No. CV 19-28-GF-BMM<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER F.R. CIV. PRO. 15**<br><br>**Hearing:**<br>**Time:**<br><br>**Judge:  Hon. Brian M. Morris** |

capacity as Acting Director of the U.S. Fish )
and Wildlife Service; UNITED STATES )
BUREAU OF LAND MANAGEMENT, )
and DAVID BERNHARDT, in his official )
capacity as Acting U.S. Secretary of the )
Interior, )
)
             Defendants, )
)
TRANSCANADA KEYSTONE PIPELINE, )
LP, a Delaware limited partnership, and TC )
ENERGY CORPORATION, a Canadian )
Public Company, )
)
        Defendant-Intervenors. )
_____ )

## I.   INTRODUCTION

Plaintiffs seek leave to amend their Complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure to add allegations directly challenging President Donald J. Trump's (both individually, and collectively with the other Federal Defendants, "Trump's") purported revocation of Executive Order 13,337 by issuance of Executive Order 13,867 on April 10, 2019 (84 Fed.Reg. 15491; April 15, 2019).  This amendment is needed because, as this Court pointed out in its Order denying the Defendants' motions to dismiss filed December 20, 2019 (Dkt.73; "Order"), "Plaintiffs' claims currently before the Court do not directly present the question of whether the 2019 Executive Order [i.e., Executive Order 13,867] proves lawful."  Order 37.  Pursuant to Local Rule 15.1, a copy of

Plaintiffs' [Proposed] Second Amended Complaint for Declaratory and Injunctive

Relief ("Second Amended Complaint") is attached as Exhibit 1 to the Notice of

Motion and Motion.

## II.    BACKGROUND

On April 5, 2019, Plaintiffs filed their Complaint for Declaratory and

Injunctive Relief (Dkt. 1) against the Federal Defendants challenging Trump's

issuance of a Presidential Permit for the Keystone XL Pipeline on March 29, 2019.

Plaintiffs sought judicial review pursuant to this Court's federal question

jurisdiction under 28 U.S.C. section 1331 raising two Claims for Relief alleging

violations of Article 1, section 8, clause 3 ("Commerce Clause") and Article IV,

section 3, clause 2 ("Property Clause") of the United States Constitution.

In response to the motions to dismiss filed by Trump on June 27, 2019 (Dkt.

22) and Defendant-Intervenors TransCanada Keystone Pipeline LP and TC Energy

Corporation (collectively, "TC Energy") on July 16, 2019 (Dkt. 32), on July 18,

2019 Plaintiffs filed their First Amended Complaint (Dkt. 37) clarifying certain

allegations and separately stating a Third Claim for Relief alleging violations of

Executive Order 13,337 (69 Fed.Reg. 25299; May 5, 2004).

Plaintiffs filed a motion for a preliminary injunction to prevent any surface

disturbing activities by Trump or TC Energy on July 10, 2019, which the Court

denied without prejudice because irreparable harm was not then imminent by

Order filed December 20, 2019 (Dkt. 73).  After TC Energy changed its plans and

announced its intent to commence ground-disturbing activities in February 2020

(Dkt. 75), on January 31 Plaintiffs renewed their preliminary injunction motion
(Dkt. 82).  Briefing on that motion was completed on February 18, 2020, and a
ruling is expected soon.

On August 1, 2019 Trump and TC Energy filed motions to dismiss (Dkt. 51,
49).  By Order filed December 20, 2019, this Court denied Defendants' motions to
dismiss.  (Dkt 73; "Order".) However, this Court noted that "Plaintiffs' claims
currently before the Court do not directly present the question of whether the 2019
Executive Order proves lawful."  Order 37.  This Court observed that "[i]f the
2019 Permit proves *ultra vires* because President Trump lacked the inherent
constitutional authority to issue the permit, the 2019 Executive Order [i.e.,
Executive Order 13,867] likely would be unlawful for similar reasons."  *Id.*

## III.  PLAINTIFFS' REASONS FOR AMENDMENT ARE COMPELLING

There are three reasons why Plaintiffs request this Court's leave to amend.
First, this Court is correct that "[i]f the 2019 Permit proves *ultra vires* because
President Trump lacked the inherent constitutional authority to issue the permit,
the 2019 Executive Order likely would be unlawful for similar reasons."  Order
37.  Therefore it makes good sense to adjudicate the lawfulness of both the 2019
Permit and the 2019 Executive Order together.

Second, in the event this Court finds the 2019 Permit unlawful on the
grounds it violates Executive Order 13,337 (which was still in effect on March 29,
2019 when Trump purported to issue the 2019 Permit), it seems likely that Trump
would, in response, just reissue the 2019 Permit again, arguing that his revocation

of Executive Order 13,337 on April 10, 2019 through issuance of the 2019
Executive Order would now render the 2019 Permit lawful under the latter
Executive Order.  That being the case, to avoid needless re-adjudication of similar
issues, this Court should address and decide the lawfulness of the 2019 Executive
Order now.

Third, squarely deciding the lawfulness of the 2019 Executive Order now
allows the Court to fully address the full range of constitutional infirmities that
plague the 2019 Permit.  For example, it may be–as Plaintiffs contend–that the
2019 Permit would violate the Commerce Clause apart from any violation of
Executive Order 13337,  because under the Commerce Clause, absent clear
delegation, (1) only Congress may regulate foreign commerce, (2) Congress has
not delegated that power to the President, (3) Congress has instead directed that
cross-border  permits be subject to review and a national interest determination by
the Secretary of State, and (4) Congress has directed further that the Secretary's
review and determination must be informed by the Secretary's full compliance
with Congress's comprehensive scheme of federal environmental review
including, for example, the National Environmental Policy Act, 42 U.S.C. section
4321 et seq. ("NEPA").

Similarly, it may be–as Plaintiffs likewise contend–that under the Property
Clause, absent delegation, (1) only Congress may provide for the disposition and
management of federal lands, (2) Congress has not delegated that power to the
President, (3) Congress has instead directed that the disposition and management

of the federal lands and waters that the Keystone XL Pipeline would cross must be
subject to review and appropriate environmental determinations by the Secretary
of the Interior (and other federal agencies), and (4) Congress has directed further
that the Interior Secretary's review (and that of the other federal agencies) be
informed and guided by full compliance with Congress's comprehensive statutory
scheme for management and disposition of those federal lands, including, for
example, the detailed environmental requirements set forth in the Federal Land
Policy Management Act, 43 U.S.C. section 1701 et seq. ("FLPMA"), the
Endangered Species Act (16 U.S.C. section 1531 et seq. ("ESA"), the Clean Water
Act, 33 U.S.C. section 1251 et seq. ("CWA") and the National Historic
Preservation Act, 54 U.S.C. section 300100 et seq. ("NHPA").

Each of these reasons for the requested amendment is meritorious.

## IV.  THE GROUNDS FOR AMENDMENT COMPLY WITH RULE 15(a)(2)

Plaintiffs' proposed amendment is fully consistent with Rule 15(a)(2) of the
Federal Rules of Civil Procedure.  Rule 15(a)(2) is construed with "extreme
liberality" in favor of amendment.  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316
F.3d 1048, 1051 (9th Cir. 2003).  "Federal policy strongly favors determination of
cases on their merits.  Therefore, the role of pleadings is limited, and leave to
amend the pleadings is freely given unless the opposing party makes a showing of
undue prejudice, or bad faith or dilatory motive on the part of the moving party."
*Federal Civil Procedure Before Trial* § 8:400 (The Rutter Group 2008), citing
*Foman v. Davis* 371 U.S. 178, 182 (1962); *Martinez v. Newport Beach City* (9th

Cir. 1997) 125 F.3d 777, 785.  Accordingly, "the circumstances under which Rule 15(a) 'permits denial of leave to amend are limited.'" *Id.*, citing *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F.2d 1388, 1391.

Particularly where, as here, the amendment is proffered in a good faith effort to consolidate and focus this Court's review to avoid potential duplication of effort by the parties and this Court, leave to amend should be granted.  As noted, plaintiffs seek to respond to this Court's observation and apparent suggestion that a live and related issue could be framed and adjudicated in this proceeding to more efficiently adjudicate the lawfulness of Trump's approvals of the Keystone XL Pipeline.  Rule "15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'"  *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (quoting 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06-1 at 41-83 to -84 (1987)).

Conversely, Plaintiffs seek to add a new allegation that will avoid the need to file a separate lawsuit to adjudicate that new claim.  Plaintiffs seek to minimize the burden on court and counsel.  Doing so clearly serves the interests of justice.

For each of these reasons, Plaintiffs should be granted leave to file their Second Amended Complaint for Declaratory, Injunctive, and Mandamus Relief as requested.

## V.  PLAINTIFFS HAVE REQUESTED CONSENT

Rule 15(a)(2) states that after the passage of 21 days following the filing of

a motion to dismiss, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* However, this Rule also directs that "[t]he court should freely give leave [to amend] when justice so requires." *Id.* As explained in the accompanying Declaration of Counsel, the Federal Defendants have decided to oppose Plaintiffs' motion, and the Defendant-Intervenors have not yet decided whether to consent to the proposed amendment. However, even if consent is not given, leave to amend should be granted for the reasons stated above.

## VI.   CONCLUSION

Plaintiffs' motion should be granted because it advances the policy of the federal courts to serve justice and to resolve matters on their merits where possible. Plaintiffs seek leave to amend their Complaint to bring all related claims together in a single proceeding.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file their Second Amended Complaint. Plaintiffs also invite the Federal Defendants' reconsideration of their position, and all parties' stipulation to the filing of the Second Amended Complaint for the reasons stated above.

Respectfully submitted,

Dated:  March 2, 2020          LAW OFFICES OF STEPHAN C. VOLKER

s/ *Stephan C. Volker*
STEPHAN C. VOLKER (Pro Hac Vice)

- 8 -

Dated:  March 2, 2020                PATTEN, PETERMAN, BEKKEDAHL &
                                     GREEN, PLLC

                                     s/ *James A. Patten*
                                     JAMES A. PATTEN


                                     Attorneys for Plaintiffs
                                     INDIGENOUS ENVIRONMENTAL NETWORK
                                     and NORTH COAST RIVERS ALLIANCE

## CERTIFICATE OF SERVICE

I, Stephan C. Volker, am a citizen of the United States.  I am over the age of 18 years and not a party to this action.  My business address is the Law Offices of Stephan C. Volker, 1633 University Avenue, Berkeley, California 94703.

On March 2, 2020 I served the following documents by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT UNDER F.R. CIV. PRO. 15**

I declare under penalty of perjury that the foregoing is true and correct.


s/ *Stephan C. Volker*
STEPHAN C. VOLKER (Pro Hac Vice)