MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

PRERAK SHAH
Deputy Assistant Attorney General

MARISSA A. PIROPATO (MA BAR 65160)
LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
marissa.piropato@usdoj.gov
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK, *et al.*,<br><br>      Plaintiffs,<br>v.<br><br>PRESIDENT DONALD J. TRUMP, *et al.*,<br><br>      Defendants. | CV 19-28-GF-BMM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF** |

Defendants President Donald J. Trump; United States Department of State; Michael R. Pompeo, in his official capacity as Secretary of State; United States Army Corps of Engineers; Lt. General Todd T. Semonite, in his official capacity as Commanding General and Chief of Engineers; United States Fish and Wildlife Service; Margaret Everson, in her official capacity as Acting Director of the U.S. Fish and Wildlife Service; United States Bureau of Land Management (BLM); and David Bernhardt, in his official capacity as Secretary of the Interior, hereby answer the allegations contained in Plaintiffs' First Amended Complaint for Declaratory, Injunctive and Mandamus Relief (ECF No. 37) ("Amended Complaint") as follows.  The numbered paragraphs of this answer correspond to the numbered paragraphs in Plaintiffs' Amended Complaint.  Defendants specifically deny each and every allegation of the Amended Complaint not otherwise expressly admitted, qualified, or denied by this Answer.

## RESPONSE TO INTRODUCTION

1.      Federal Defendants admit that on March 29, 2019 President Trump issued a Presidential Permit for construction of facilities in a 1.2-mile segment at the border of the United States.  Defendants deny the remaining allegations in Paragraph 1.

2.      The allegations in the first sentence of Paragraph 2 characterize and attempt to quote the Presidential Permit, which speaks for itself and is best

evidence of its contents. To the extent the allegations are inconsistent with the Presidential Permit, they are denied.  The allegations in the second sentence of Paragraph 2 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations in the first sentence of Paragraph 3 characterize and quote the Presidential Permit, which speaks for itself and is best evidence of its contents. To the extent the allegations are inconsistent with the Presidential Permit, they are denied.  Federal Defendants deny the allegations in the second and third sentences of Paragraph 3.  The remaining allegations consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny those allegations.

4.      The allegations in Paragraph 5 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.   To the extent a response is required, Federal Defendants deny those allegations.

5.      Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 5.  The allegations in the second sentence of Paragraph 5 quote and characterize TransCanada's January 26, 2017 permit application, which speaks for itself and is best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the application, they are

denied.  The remaining allegations in Paragraph 5 consist of legal conclusions, to which no response is required.

6.      Federal Defendants deny the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.

8.      The allegations in Paragraph 8 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.

9.      Federal Defendants deny the allegations in Paragraph 9.

10.     Federal Defendants deny the allegations in the first, third and fifth sentences of Paragraph 10.  The remaining allegations in Paragraph 10 quote and characterize the 2019 Permit, which speaks for itself and is best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the 2019 Permit, they are denied.

11.     The allegations in the first sentence of Paragraph 11 quote and characterize the 2019 Permit, which speaks for itself and is best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the 2019 Permit, they are denied.  Federal Defendants deny the remaining alleagtions in Paragraph 11.

3

12.     The allegations in the Paragraph 12 quote and characterize the 2019 Permit, which speaks for itself and is best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the 2019 Permit, they are denied.   Federal Defendants deny the remaining alleagtions in Paragraph 12.

13.     The allegations in the Paragraph 13 quote and characterize the 2019 Permit, which speaks for itself and is best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the 2019 Permit, they are denied.   Federal Defendants deny the remaining alleagtions in Paragraph 13.

14.     The allegations in Paragraph 14 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny those allegations.

15.     The allegations in Paragraph 15 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny those allegations.

16.     The allegations in the first sentence of Paragraph 16 consist of legal conclusions, to which no response is required.  The allegations in the second sentence are vague and therefore are denied.  Federal Defendants deny the allegations in the third and fourth sentences.

4

17.     Federal Defendants admit that the United States Army Corps of Engineers regulates the impacts of federally approved projects on river crossings under the Clean Water Act, among other statutes, and that the United States Fish and Wildlife regulates the impacts of federally approved projects on endangered species under the Endangered Species Act, among other statutes.  The remaining allegations in Paragraph 17 consist of Plaintiffs' legal conclusions, to which no response is required.

18.     Federal Defendants admit that President Lyndon B. Johnson issued Executive Order 11,423 in 1968 and President George W. Bush issued Executive Order 13,337 in 2004 but otherwise deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 quote and characterize Executive Orders 11423 and 13337, which speak for themselves and are best evidence of their contents.  To the extent the allegations are inconsistent with the plain language and meaning of those Orders, they are denied.

20.     Federal Defendants deny the allegations in the first sentence of Paragraph 20.  Federal Defendants admit that the President did not prepare a national interest determination, aver that no such determination was required, and deny the remaining allegations in the second sentence of Paragraph 20.

21.    Federal Defendants deny the allegations in the first clause of the first sentence of Paragraph 21.  The remaining allegations in Paragraph 21consist of legal conclusions, to which no response is required.

22.    The allegations in Paragraph 22 consist of legal conclusions as well as a description of the remedy sought, to which no response is required.

23.    Federal Defendants deny that this Court has jurisdiction over this case.  Federal Defendants admit that President Trump is the President of the United States and that the State Department, Corps of Engineers, BLM and FWS are agencies of the United States Government.  The remaining allegations in Paragraph 23 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.

24.    Federal Defendants admit the allegations in Paragraph 24.

25.    Federal Defendants deny the allegations in Paragraph 25.

26.    Federal Defendants admit the allegations in Paragraph 26.

27.    Federal Defendants deny the first clause of the first sentence of Paragraph 27.  Federal Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 27 and on that basis deny them.

28.    Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 and on that basis deny them.

29.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 and on that basis deny them.

30.     Federal Defendants deny the allegations in the first sentence of Paragaph 30. The remaining allegations in Paragraph 30 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.

31.     Federal Defendants admit the allegations in Paragraph 31.

32.     Federal Defendants admit the allegations in the first sentence of Paragraph 32.  The remaining allegations in Paragraph 32 characterize Executive Order 13337, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the plain language and meaning of the document, they are denied.

33.     Federal Defendants admit the allegations in the first sentence of Paragraph 33.  The remaining allegations in Paragraph 33 consist of Plaintiffs' characterization of their case as well as legal conclusions, to which no response is required.  Defendants deny the allegations in the final clause of Paragraph 33.

34.     Federal Defendants admit the Corps of Engineers has authority to regulate certain activities in waters of the United States under the CWA, 33 U.S.C. § 1344, and the Rivers and Harbors Act, 33 U.S.C. § 403.  The remaining

allegations in Paragraph 34 consist of legal conclusions to which no response is required.

35.     Federal Defendanst admit the allegations in Paragraph 35

36.     Federal Defendants admit the allegations in Paragraph 36.

37.     Federal Defendants admit the allegations in Paragraph 37.

38.     Federal Defendants admit the allegations in Paragraph 38.

39.     Federal Defendants admit the allegations in Paragraph 39.

40.     Federal Defendants admit the allegations in Paragaph 40, except Federal Defendants deny that the Department of State received an application from TransCanada Corporation and aver that the application was submitted to the Secretary of State.

41.     Federal Defendants admit the alleagtions in Paragraph 41.

42.     Federal Defendants admit the allegations in Paragraph 42.

43.     Federal Defendants admit the allegations in Paragraprh 43.

44.     Federal Defendants deny the allegations in Paragraph 44.

45.     Federal Defendants admit the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 characterize Secretary of State's November 26, 2015 national interest determination, which speaks for itself and is best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the document, they are denied.

47.     The allegations in the Paragraph 47 purport to characterize and quote a January 24, 2017 Presidential Memorandum and Exectutive Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of the Memorandum and Executive Order, they are denied.

48.     The allegations in Paragraph 48 purport to characterize and quote TransCanada's January 26, 2017 application, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the plain language and meaning of the Memorandum and Executive Order, they are denied.

49.     Federal Defendants deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 purport to characterize lawsuits filed on March 27, and March 30, 2017 challenging the March 23, 2017 Presidential Permit, which speak for themselves and are best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of those suits, they are denied.

51.     The allegations in Paragraph 51 purport to characterize the Court's November 22, 2017 decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of that decision, they are denied.

52.     Federal Defendants admit the allegations in Paragraph 52.

9

53.     The allegations in Paragraph 53 purport to characterize the Court's August 15, 2018 decision, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the plain language and meaning of that decision, they are denied.

54.     The allegations in Paragraph 54 purport to characterize the Court's November 8, 2018 decision, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the plain language and meaning of that decision, they are denied.

55.     The allegations in Paragraph 55 purport to characterize a November 15, 2018 motion filed by TransCanada and a December 7, 2018 order of the Court, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of the motion and the order, they are denied.

56.     The allegations in Paragraph 56 purport to characterize the December 21, 2018 Notice of Appeal and Motion for Stay Pending Appeal filed by TransCanada and the Court's February 15, 2019 order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of those documents, they are denied.

57.     The allegations in Paragraph 57 purport to quote and characterize the February 21, 2019 Motion for Stay Pending Appeal filed by TransCanada and the March 15, 2019 decision of the Ninth Circuit Court of Appeals, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of those documents, they are denied.

58.     Federal Defendants admit that on March 29, 2019, President Trump issued a Presidential Permit for the 1.2 mile border crossing.  Federal Defendants deny the remaining allegations in Paragraph 58.

59.     The allegations in Paragraph 59 present legal conclusions, to which no response is required.

60.     Federal Defendants hereby incorporate the responses set forth above.

61.     The allegations in Paragraph 61 characterize and quote the Permit, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

62.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 62.  The allegations in the third sentence of Paragraph 62 chacaterize TransCanada's January 26, 2017 application, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent

with the plain language and meaning of the application, they are denied.  The

remaining allegations consist of Plaintiffs' characterization of their case to which

no response is required.  To the extent a response is required, they are denied.

63.     The allegations in Paragraph 63 consist of legal conclusions, to which

no response is required. To the extent a response is required, they are denied.

64.     The allegations in Paragraph 64 consist of legal conclusions, to which

no response is required.  To the extent a response is required, they are denied.

65.     Federal Defendants deny that BLM has not issued a right-of-way

between Milepost 0.0 and Milepost 0.93 but otherwise admit the allegations in

Paragraph 65.

66.     Federal Defendants deny the allegations in Pargraph 66.

67.     The allegations in Paragraph consist of legal conclusions to which no

response is required.  To the extent that a response is required, Federal Defendants

deny the allegations in Paragraph 67.

68.     Federal Defendants deny the allegations in Parargraph 68.

69.     Federal Defendants hereby incorporate the responses set forth above.

70.     Federal Defendants deny the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 purport to characterize Executive

Order 11,432 and Executive Order 13,337, which speak for themselves and are the

best evidence of their contents. To the extent the allegations are inconsistent with the plain language and meaning of those orders, they are denied.

72.    The allegations in Paragraph 72 purport to characterize and quote Executive Order 13,337, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of that order, they are denied.

73.    The allegations in second sentence of Pargraph 72 are denied.  The remaining allegations in Paragraph 73 consist of legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

74.    The allegations in first sentence of Paragraph 74 are denied.  The remaining allegations in the Paragraph 74 purport to characterize the Court's decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the plain language and meaning of the decision, they are denied.

75.    Federal Defendants deny the allegations in Paragraph 75.

76.    The allegations in the first sentence of Paragraph 76 purport to characterize Executive Order 13,337, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of Executive Order 13,337, they are denied.  The remaining allegations in Paragraph 81 purport to characterize the Permit, which

13

speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

      77.    Federal Defendants deny the allegations in Paragraph 77.

      78.    Federal Defendants deny the allegations in Paragraph 78.

      79.    Federal Defendants hereby incorporate the responses set forth above.

      80.    Federal Defendants deny the allegations in Paragraph 80.

      81.    The allegations in Paragraph 81 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

      82.    The allegations in Paragraph 82 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

      83.    The allegations in Paragraph 83 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

84.     The allegations in Paragraph 84 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

85.     The allegations in Paragraph 85 fpurport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

86.     The allegations in Paragraph 86 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

87.     The allegations in Paragraph 87 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the plain language and meaning of the Permit, they are denied.

88.     Federal Defendants deny the allegations in Paragraph 88.

## PRAYER FOR RELIEF

The remainder of the First Amended Complaint constitutes the IEN Plaintiffs' request for relief, to which no response is required. To the extent a

15

further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the First Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses to the claims made in Plaintiffs' First Amended Complaint:

1. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Plaintiffs' claims present a non-justiciable political question.

4. Some or all of Plaintiffs' claims fail for lack of a final agency action that is reviewable under the Administrative Procedure Act.

5. Some or all of Plaintiffs' claims challenge presidential action, which is not reviewable under the Administrative Procedure Act.

6. Sovereign immunity bars Plaintiffs' claims.

7. Plaintiffs identify no viable cause of action to support their claims.

8. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 2nd day of March, 2020,

MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

PRERAK SHAH
Deputy Assistant Attorney General


/s/ Marissa A. Piropato_____
MARISSA A. PIROPATO
LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
marissa.piropato@usdoj.gov
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, a copy of the foregoing Defendants'

Answer to Plaintiffs' Amended Complaint was served on all counsel of record via

the Court's CM/ECF system.


*/s/ Marissa A. Piropato*
MARISSA A. PIROPATO
U.S. Department of Justice