JAMES A. PATTEN
PATTEN, PETERMAN,
BEKKEDAHL & GREEN,
      PLLC
Suite 300, The Fratt Building
2817 Second Avenue North
Billings, MT 59101-2041
Telephone:  (406) 252-8500
Facsimile:  (406) 294-9500
email:  apatten@ppbglaw.com

Attorneys for Plaintiffs
INDIGENOUS
ENVIRONMENTAL
NETWORK and NORTH
COAST RIVERS ALLIANCE

STEPHAN C. VOLKER (Pro hac vice)
ALEXIS E. KRIEG (Pro hac vice)
STEPHANIE L. CLARKE (Pro hac vice)
JAMEY M.B. VOLKER (Pro hac vice)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703-1424
Telephone:  (510) 496-0600
Facsimile:  (510) 845-1255
email:     svolker@volkerlaw.com
           akrieg@volkerlaw.com
           sclarke@volkerlaw.com
           jvolker@volkerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE, <br><br> Plaintiffs, <br><br> vs. <br><br> PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as U.S. Secretary of State; UNITED STATES ARMY CORPS OF ENGINEERS; LT. GENERAL TODD T. SEMONITE, Commanding General and Chief of Engineers; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; MARGARET EVERSON, in her | Civ. No. CV 19-28-GF-BMM <br><br> **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER F.R. CIV. PRO. 15** <br><br> **Hearing:  April 16, 2020** <br> **Time:      1:30 pm** <br><br> **Judge:  Hon. Brian M. Morris** |

official capacity as Acting Director of the   )
U.S. Fish and Wildlife Service; UNITED        )
STATES BUREAU OF LAND                         )
MANAGEMENT, and DAVID                         )
BERNHARDT, in his official capacity as        )
U.S. Secretary of the Interior,               )
                                              )
           Defendants,          )
                                              )
TRANSCANADA KEYSTONE PIPELINE,)
LP, a Delaware limited partnership, and TC    )
ENERGY CORPORATION, a Canadian                )
Public Company,                               )
                                              )
         Defendant-Intervenors.   )
_____ )

## I.   INTRODUCTION

Plaintiffs seek leave to amend their Complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure to add allegations directly challenging President Donald J. Trump's (both individually, and collectively with the other Federal Defendants, "Trump's") purported revocation of Executive Order 13,337 by issuance of Executive Order 13,867 on April 10, 2019 (84 Fed.Reg. 15491; April 15, 2019).  This amendment is needed because, as this Court pointed out in its Order denying the Defendants' motions to dismiss filed December 20, 2019 (Dkt.73; "Order"), "Plaintiffs' claims currently before the Court do not directly present the question of whether the 2019 Executive Order [i.e., Executive Order 13,867] proves lawful."  Order 37; Plaintiffs' Memorandum of Points and

Authorities in Support of Motion for Leave to File Second Amended Complaint Under F.R.Civ.Pro. 15 (Dkt. 109; "Motion") at 4.  Pursuant to Local Rule 15.1, a copy of Plaintiffs' [Proposed] Second Amended Complaint for Declaratory and Injunctive Relief ("Second Amended Complaint" or "SAC") was attached as Exhibit 1 to their Notice of Motion and Motion (Dkt. 108-1).  TC Energy has not filed opposition to Plaintiffs' Motion.

Only Trump opposes, on three grounds:  (1) the Motion was delayed, (2) the requested Amendment is futile, and (3) granting the Motion would prejudice Trump.  All fail.  First, although the Motion was delayed, there was no delay in raising the underlying issue.  EO 13,867's validity and effect have been raised repeatedly by all the parties–including Trump–throughout this case.  That, indeed, is why this Court wisely suggested its adjudication in this case might be appropriate.  Second, Trump's futility claim assumes incorrectly that this Court's declaration respecting EO 13,867's validity would be ignored rather than obeyed. If the parties obey the ruling, then its utility is obvious.  Third, there can be no prejudice because all the parties have previously raised the issue, and its resolution will avoid needless and duplicative litigation later.  Accordingly, Trump's Opposition is without merit, and the Motion should be granted.

## II.    BACKGROUND

On April 5, 2019, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief (Dkt. 1) against the Federal Defendants challenging Trump's issuance of a Presidential Permit for the Keystone XL Pipeline on March 29, 2019.

Plaintiffs sought judicial review pursuant to this Court's federal question jurisdiction under 28 U.S.C. section 1331 raising two Claims for Relief alleging violations of Article 1, section 8, clause 3 ("Commerce Clause") and Article IV, section 3, clause 2 ("Property Clause") of the United States Constitution.

In response to the motions to dismiss filed by Trump on June 27, 2019 (Dkt. 22) and Defendant-Intervenors TransCanada Keystone Pipeline LP and TC Energy Corporation (collectively, "TC Energy") on July 16, 2019 (Dkt. 32), on July 18, 2019 Plaintiffs filed their First Amended Complaint (Dkt. 37) clarifying certain allegations and separately stating a Third Claim for Relief alleging violations of Executive Order 13,337 (69 Fed.Reg. 25299; May 5, 2004).

Plaintiffs filed a motion for a preliminary injunction to prevent any surface disturbing activities by Trump or TC Energy on July 10, 2019, which the Court denied without prejudice because irreparable harm was not then imminent by Order filed December 20, 2019 (Dkt. 73).  After TC Energy changed its plans and announced its intent to commence ground-disturbing activities in February 2020 (Dkt. 75), on January 31 Plaintiffs renewed their preliminary injunction motion (Dkt. 82).  Briefing on that motion was completed on February 18, 2020, and a ruling is expected soon.

On August 1, 2019 Trump and TC Energy filed motions to dismiss (Dkt. 51, 49).  By Order filed December 20, 2019, this Court denied Defendants' motions to dismiss.  (Dkt 73; "Order".)  However, this Court noted that "Plaintiffs' claims currently before the Court do not directly present the question of whether the 2019

Executive Order proves lawful."  Order 37.  This Court observed that "[i]f the 2019 Permit proves *ultra vires* because President Trump lacked the inherent constitutional authority to issue the permit, the 2019 Executive Order [i.e., Executive Order 13,867] likely would be unlawful for similar reasons."  *Id.*  This Court's Order prompted Plaintiffs to file the Motion in order to directly present the question of EO 13,867's validity.

### III.  PLAINTIFFS' REASONS FOR AMENDMENT ARE COMPELLING

Trump largely ignores the three reasons why Plaintiffs filed the Motion.  But these reasons remain compelling and should not be brushed aside.  First, this Court is correct that "[i]f the 2019 Permit proves *ultra vires* because President Trump lacked the inherent constitutional authority to issue the permit, the 2019 Executive Order likely would be unlawful for similar reasons."  Order 37.  Therefore it is both logical and efficient to adjudicate the lawfulness of both the 2019 Permit and the 2019 Executive Order together.

Second, in the event this Court finds the 2019 Permit unlawful on the grounds it violates Executive Order 13,337 (which was still in effect on March 29, 2019 when Trump purported to issue the 2019 Permit), it seems likely that Trump would, in response, just reissue the 2019 Permit again, arguing that his revocation of Executive Order 13,337 on April 10, 2019 through issuance of the 2019 Executive Order would now render the 2019 Permit lawful under the latter Executive Order.  Significantly, Trump's Opposition does not deny, and thus tacitly concedes, this foreseeable scenario.  Since this scenario appears likely and

is denied by no party, to avoid needless re-adjudication of similar issues, this Court should address and decide the lawfulness of the 2019 Executive Order now.

Third, squarely deciding the lawfulness of the 2019 Executive Order now allows the Court to address the full range of constitutional infirmities that plague the 2019 Permit in a manner that anticipates and disposes of any claim by Trump that EO 13,867's validity would allow him to sidestep that ruling.  Allowing Trump to moot this Court's ruling on the 2019 Permit's validity by simply reissuing the 2019 Permit under EO 13,867 would make a mockery of this Court's authority to hold Trump accountable under the Constitution.

Trump's Opposition fails to disturb any of these compelling reasons for allowing the requested amendment.

## IV.  THE GROUNDS FOR AMENDMENT COMPLY WITH RULE 15(a)(2)

Plaintiffs' proposed amendment is fully consistent with Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Trump's Opposition ignores the settled law that Rule 15(a)(2) is construed with "extreme liberality" in favor of amendment. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Federal policy strongly favors determination of cases on their merits.  Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party." *Federal Civil Procedure Before Trial* § 8:400 (The Rutter Group 2008), citing *Foman v. Davis* 371 U.S. 178, 182 (1962); *Martinez v. Newport Beach City* (9th Cir. 1997) 125 F.3d 777, 785.

- 6 -

Accordingly, "the circumstances under which Rule 15(a) 'permits denial of leave to amend are limited.'" *Id.*, citing *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F.2d 1388, 1391.

Trump's Opposition cannot overcome the unassailable point that the amendment is proffered in a good faith effort to consolidate and focus this Court's review to avoid potential duplication of effort by the parties and the Court.  As noted, Plaintiffs seek to respond to this Court's observation and apparent suggestion that a live and related issue could be framed and decided in this proceeding to more efficiently adjudicate the lawfulness of Trump's approvals of the Keystone XL Pipeline.  Rule "15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'"  *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (quoting 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06-1 at 41-83 to -84 (1987)).

Conversely, Plaintiffs seek to add a new allegation that will avoid the need to file a separate lawsuit to adjudicate that new claim.  Plaintiffs seek to minimize the burden on this Court and counsel.  Doing so clearly serves justice.

## V.  TRUMP'S THREE GROUNDS FOR OPPOSITION ARE MERITLESS

None of Trump's three ground for opposing the Motion withstands scrutiny. Trump's argument that the Motion was delayed looks past the salient fact that all the parties, including Trump, have raised the issue of EO 13,867's validity and applicability repeatedly in this proceeding.  In its July 16, 2019 Memorandum in

Support of its Motion to Dismiss (Dkt. 33), TC Energy argued that EO 13,867 makes clear that "[a]ny decision to issue, deny, or amend a [Presidential] Permit for a transboundary infrastructure project] . . . shall be made solely by the President." *Id*. at 8.  TC Energy cited EO 13,867 again on page 14 of that brief. Trump likewise referenced EO 13,867 in its July 24, 2019 Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction (Dkt. 43).  *Id*. at 4.

More recently, in his January 24, 2020 Brief in Response to the Court's Order (Dkt. 81), Trump argued that EO 13,867's revocation of the prior Presidential permitting process demonstrated his Presidential authority to do so. *Id*. at 16-17 and 20.  And, in his February 10, 2020 Opposition to Plaintiffs' Renewed Motion for a Preliminary Injunction (Dkt. 87), Trump again referenced EO 13,867 as an example of the President's authority to terminate the delegation of Presidential permitting to the State Department.

Trump cannot repeatedly cite and rely upon EO 13,867 throughout this litigation, and then claim with a straight face that Plaintiffs' good faith effort to present its validity and applicability squarely before the Court for decision should be denied on the grounds of delay in raising this issue.  As this Court recognized, the issue of EO 13,867's validity and applicability cries out for adjudication because, "if the 2019 Permit proves *ultra vires* because President Trump lacked the inherent constitutional authority to issue the permit, the 2019 Executive Order likely would be unlawful for similar reasons."  Order at 37.

Second, Trump's contention that the requested Amendment is futile because Plaintiffs lack standing to challenge EO 13,867 relies on the same challenges to Plaintiffs' standing that this Court has already rejected.  Order 11-20.  Moreover, it ignores the obvious purpose of EO 13,867 to prevent Plaintiffs from challenging–and this Court from confirming–the 2019 Permit's violation of EO 13,337.  Finally, Trump appears to assume that if this Court should declare EO 13,867 unconstitutional, that ruling would be futile because it would not prevent Trump from reissuing the permit yet again.  But that position defies the principle that this is a country of laws, in which everyone–the President included–is subject to this Court's authority to decide and apply the law.

Third, Trump argues that granting the Motion would prejudice him.  But as explained,  there can be no prejudice because all the parties have previously raised the issue, and its resolution will avoid needless and duplicative litigation later.

Accordingly, Trump's Opposition is without merit.

## VI.    CONCLUSION

Plaintiffs' motion should be granted because it advances the policy of the federal courts to serve justice and to resolve matters on their merits where possible.  Plaintiffs seek leave to amend their Complaint to bring all related claims together in a single proceeding.

//

//

//

- 9 -

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file their Second Amended Complaint.

Respectfully submitted,

Dated:  March 30, 2020          LAW OFFICES OF STEPHAN C. VOLKER

                               s/ *Stephan C. Volker*
                               STEPHAN C. VOLKER (Pro Hac Vice)


Dated:  March 30, 2020          PATTEN, PETERMAN, BEKKEDAHL &
                               GREEN, PLLC

                               s/ *James A. Patten*
                               JAMES A. PATTEN


                               Attorneys for Plaintiffs
                               INDIGENOUS ENVIRONMENTAL NETWORK
                               and NORTH COAST RIVERS ALLIANCE


## CERTIFICATE OF COMPLIANCE

Pursuant to Montana District Court, Civil Rule 7.1(d)(2)(B), I certify that **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT UNDER F.R. CIV. PRO. 15** contains 1,897 words, excluding caption and certificate of service, as counted by WordPerfect X7, the word processing software used to prepare this brief.

                               s/ *Stephan C. Volker*

## CERTIFICATE OF SERVICE

I, Stephan C. Volker, am a citizen of the United States.  I am over the age of 18 years and not a party to this action.  My business address is the Law Offices of Stephan C. Volker, 1633 University Avenue, Berkeley, California 94703.

On March 30, 2020 I served the following documents by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action:

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT UNDER F.R. CIV. PRO. 15**

I declare under penalty of perjury that the foregoing is true and correct.


s/ *Stephan C. Volker*

STEPHAN C. VOLKER (Pro Hac Vice)