JAMES A. PATTEN
PATTEN, PETERMAN,
BEKKEDAHL & GREEN,
     PLLC
Suite 300, The Fratt Building
2817 Second Avenue North
Billings, MT 59101-2041
Telephone:  (406) 252-8500
Facsimile:  (406) 294-9500
email:  apatten@ppbglaw.com

Attorneys for Plaintiffs
INDIGENOUS
ENVIRONMENTAL
NETWORK and NORTH
COAST RIVERS ALLIANCE

STEPHAN C. VOLKER (Pro hac vice)
ALEXIS E. KRIEG (Pro hac vice)
STEPHANIE L. CLARKE (Pro hac vice)
JAMEY M.B. VOLKER (Pro hac vice)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703-1424
Telephone:  (510) 496-0600
Facsimile:  (510) 845-1255
email:     svolker@volkerlaw.com
           akrieg@volkerlaw.com
           sclarke@volkerlaw.com
           jvolker@volkerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | | |
|---|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE, | ) ) ) | Civ. No. CV 19-28-GF-BMM |
| Plaintiffs, | ) ) ) ) | **PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS  IN SUPPORT OF MOTION FOR** |
| vs. | ) ) ) | **LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL** |
| PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as U.S. Secretary of State; UNITED STATES ARMY CORPS OF ENGINEERS; LT. GENERAL TODD T. SEMONITE, Commanding General and Chief of Engineers; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; AURELIA SKIPWITH, in her | ) ) ) ) ) ) ) ) ) ) ) ) | **COMPLAINT UNDER F.R. CIV. PRO. 15**<br><br>**Hearing:**<br>**Time:**<br><br>**Judge:  Hon. Brian M. Morris** |

official capacity as Director of the U.S. Fish )
and Wildlife Service; UNITED STATES )
BUREAU OF LAND MANAGEMENT, )
and DAVID BERNHARDT, in his official )
capacity as U.S. Secretary of the Interior, )
  )
    Defendants, )
  )
TRANSCANADA KEYSTONE PIPELINE, )
LP, a Delaware limited partnership, and TC )
ENERGY CORPORATION, a Canadian )
Public Company, )
  )
    Defendant-Intervenors. )
_____ )

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and (d), on August 17, 2020 Plaintiffs moved this Court for leave to amend and supplement their First Amended Complaint ("FAC") to challenge the Federal Defendants' implementation in 2020 of Defendant Donald J. Trump's issuance in 2019 of the Presidential Permit challenged in this action.  The motion's proposed Third Amended and Supplemental Complaint ("TASC") adds four claims for relief challenging the 2020 implementation approvals but makes no substantive changes to the original three claims for relief which have been fully briefed and argued and remain ripe for this Court's disposition on the parties' pending summary judgment

motions.

The new claims are related to the original claims.  For this reason, this Court denied the Federal Defendants' earlier motion to dismiss on ripeness grounds Plaintiffs' allegations against the Agency Defendants whose subsequent implementation approvals are challenged in the four new claims.  Dkt. 73 at 38-39. This Court reasoned, correctly, that their anticipated implementation of the 2019 Permit was a sufficient connection to foreclose their dismissal from this case.  *Id*.

The motion is proper under Rule 15(d) because Plaintiffs' proposed TASC "set[s] out . . . event[s] that happened after the date of the pleading to be supplemented" that relate to – and indeed, directly implement – the Presidential Permit this lawsuit seeks to vacate.  The motion also properly references Rule 15(a) because the TASC makes minor amendments to the FAC such as the substitution of a replaced official.  The motion does not delay this Court's ruling on the parties' pending summary judgment motions as to the first three claims for relief.

The Federal Defendants raise three arguments in opposition to Plaintiffs' motion.  All fail.  First, they claim the supplemental claims are "unjustifiably belated" and would "unduly delay" resolution of the case.  Opp. 3-5.  Not so.  The Federal Defendants did not publish notice of their 2020 approvals until January 29, 2020, five days *after* the parties had already commenced their summary judgment briefing on the original three claims challenging the 2019 Permit.  85 Fed.Reg. 5232 (Jan. 29, 2020).  Briefing and argument on those motions is

- 3 -

completed.  The TASC does not delay this Court's ruling thereon.

Second, they argue the proposed amendments would "unduly prejudice" them.  Opp. 5-9.  Not true.  Nothing in the TASC affects this Court's ruling on the previously filed motions.  If the Court vacates the 2019 Permit, the implementing approvals necessarily fall.  If the Court sustains the 2019 Permit, the parties will adjudicate the 2020 approvals.  Either way, Plaintiffs' motion prejudices no one.

Third, they assert Plaintiffs cannot add "distinct claims."  Opp. 9-11.  But Rule 15(d) allows – indeed, requires – related claims.  These claims are related because they depend on and implement the 2019 Permit challenged in this action.

Accordingly, the Federal Defendants' opposition is without merit.

## II.  PLAINTIFFS' NEW CLAIMS ARE TIMELY AND CAUSE NO DELAY

The Federal Defendants claim that Plaintiffs' motion was "unjustifiably belated" and would "unduly delay" these proceedings.  Opp. 3-5.  Both claims fail because they are refuted by the actual history and current context of this case.

The Federal Defendants did not issue public notice of their 2020 approvals until January 29, 2020.  85 Fed. Reg. 5232.  By then, Defendant-Intervenors TransCanada Keystone Pipeline LP, et al. (collectively, "TransCanada") had *already* filed their summary judgment motion on January 24, 2020 (Dkt. 77-79), based on the record underlying that 2019 approval.  Adjudication of that motion, and the parties' further cross-motions, would be guided by the Court's refinement of the principles of law set forth in its December 20, 2019 Order (Dkt. 73) denying the defendants' motions to dismiss, as further informed by the parties'

supplemental briefs requested in that Order.  Thus, as directed, on January 24, 2020 Plaintiffs filed their 36-page Brief in Response (Dkt. 80) to that Order.

Concurrently, on January 14, 2020 (Dkt. 75), TransCanada had filed its Amended Status Report  announcing its intent to commence construction in February.  That submission, in turn, prompted Plaintiffs to renew their still pending preliminary injunction motion on January 31, 2020 (Dkt. 82).

Those motions, and Plaintiffs' related motion to file their SAC, unleashed a flurry of extensive briefing amounting to hundreds of pages of documents over the next three months.  Dkt. 77-125.  All of that briefing was directed to the lawfulness of the 2019 Permit, rather than the Federal Defendants' 2020 implementation approvals.  After that, this Court held a lengthy hearing on the parties' cross-motions on April 16, 2020.  Thereafter, Plaintiffs reasonably awaited the Court's highly anticipated ruling – which, if it vacated the 2019 Permit, would moot the need for further amendments to challenge the 2020 approvals – for three months before commencing preparation of their proposed TASC and motion for leave to file it.

Thus, the Federal Defendants' claim that Plaintiffs seek to "circumvent summary judgment" (Opp. 4) is baseless.  As shown, the parties' pending motions can, and should, be decided based on the record before the Court at the time those motions were filed.  Nothing in Plaintiffs' motion to file the TASC alters that fact. All that Plaintiffs' motion does, is provide the Court and the parties with the challenges to the Federal Defendants' 2020 implementation approvals that

Plaintiffs will advance in the event this Court does not vacate the 2019 Permit on which those implementation approvals are predicated.  If, on the other hand, the Court vacates the 2019 Permit, then the 2020 approvals that implement that unlawful Permit necessarily fall.

### III.  ALLOWING THE PROPOSED SUPPLEMENTAL CLAIMS DOES NOT PREJUDICE THE FEDERAL DEFENDANTS

The Federal Defendants assert that allowing the TASC's new claims would prejudice them in three ways.  Opp. 5-9.  But none of their arguments withstands scrutiny.  First, they contend that granting the motion would "essentially allow Plaintiffs a do-over by delaying the resolution of [the already briefed] claims until Plaintiffs' new unrelated claims are resolved."  Opp. 6.  Not so.  As shown above, the TASC would have no effect on the pending summary judgment and preliminary injunction motions.  Those motions would be decided based on the record and briefs already submitted.  Plaintiffs urge the Court to decide those long-pending motions as soon as possible.

Second, the Federal Defendants argue that "allowing the new claims would also be prejudicial because it would require additional briefing on wholly different legal issues."  Opp. 6.  But the new claims will be briefed either in this case, or in a new case.  Denying the motion will not prevent the briefing; it will just redirect it to yet another lawsuit.  Another lawsuit will add to the parties' briefing burdens, not lessen them.

Furthermore, it must be remembered that the Federal Defendants introduced

the implementation approvals into this litigation by announcing them after the parties had already commenced briefing on the pending summary judgment and preliminary injunction motions.  Plaintiffs did not bring in those new approvals; the Federal Defendants did.  And they did so *after* the parties were already engaged in their summary judgment and preliminary injunction briefing.  Moreover,  that briefing is already concluded and Plaintiffs' proposed TASC will not affect this Court's rulings thereon.

Rather, if the Court vacates the 2019 Permit, then the implementation approvals challenged in the four new claims will necessarily fall.  If the Court sustains the 2019 Permit, then the four new claims will be adjudicated either in this action or in a new, separate action.  Either way, they will be adjudicated.  And either way, the parties will be submitting briefs on them.  Hence, denying Plaintiffs' motion will not prevent their adjudication, nor additional briefing.  Allowing the TASC will not cause briefing that would not occur anyway.  Thus, the TASC will not prejudice the Federal Defendants.

Third, the Federal Defendants argue that "allowing the proposed supplemental claims would be prejudicial because those claims overlap with claims that have already been filed in two other cases." Opp. 6-7.  But both of these cases were filed over one year after this case was filed.  Thus, if intervention is to occur, those new plaintiffs should intervene in this case, not the other way around.  In any event, the Federal Defendants cite no authority for the proposition that a plaintiff can be ordered to intervene in a different lawsuit rather than simply

file (or amend) his own suit.

Consolidation, by contrast, would address the Federal Defendants' concerns about avoiding inefficiency.  This Court has broad authority to order that related cases be consolidated for record preparation, briefing and hearing.  The informed exercise of that authority is the appropriate means of achieving better efficiency in the adjudication of related claims.  Allowing the requested supplementation here will allow the parties to then explore consolidation of the similar claims and avoid the creation of duplicative agency records.

### IV.  PLAINTIFFS' PROPOSED ADDITION OF RELATED SUPPLEMENTAL CLAIMS IS PERMISSIBLE.

The Federal Defendants' last ground for opposing Plaintiffs' motion is that "Plaintiffs seek to add four new distinct causes of action."  Opp.  9-11.  They contend that allowing such claims is "not permitted under Ninth Circuit law," citing *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).  Opp. 9.  But none of the three factors that favored denial of supplementation in *Planned Parenthood* is present here.

In *Planned Parenthood*, an action filed in 1989 challenging the constitutionality of a parental consent abortion statute, was terminated by final judgment in plaintiffs' favor in 1992, and no appeal was taken.  130 F.3d at 402. Four years later, the Arizona legislature adopted an amended parental consent abortion statute.  *Id*.  After the district court granted the plaintiffs' motion to file a supplemental complaint challenging the new statute, the Ninth Circuit reversed,

explaining that "the supplemental complaint challenged a different statute" and "a final judgment had been rendered in the original action four years prior to plaintiffs' request to supplement . . . . and in no way would be affected by plaintiffs' supplemental complaint." *Id*. Here, by contrast, no final judgment has been rendered in this action, and adjudication of the four new claims would affect this Court's judgment should supplementation be allowed.

The third factor cited by the court – that supplementation would "not serve to promote judicial efficiency" – is likewise absent here, since supplementation would allow "'the entire controversy between the parties [to] be settled in one action.'" *Id*., quoting 6A Wright, et al., Federal Practice and Procedure:  Civil 2D § 1506 (1990).

The absence of the factors that caused denial of supplementation in *Planned Parenthood* demonstrates why supplementation here is appropriate.  Consistent with the Ninth Circuit's ruling in that case, supplementation here would allow "'the entire controversy between the parties [to] be settled in one action.'" *Id.*

Despite *Planned Parenthood's* striking differences from the facts of this case, the Federal Defendants insist that it stands for a broader proposition that "new and distinct" claims may not be added by supplementation.  Opp. 10 and n. 4.  But this interpretation does not square with the Ninth Circuit's actual explanation of its ruling.  It stated:  "[b]ecause the original action . . . had reached a final resolution and the district court did not retain jurisdiction, we hold that it was an abuse of discretion to allow plaintiffs to supplement the complaint . . . ."

*Id.* at 403.

Contrary to the Federal Defendants' contention, there is no rule barring new or distinct claims. Rather, the only requirement is that the new claims must have a "relationship" to the existing ones. And, "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out the same transaction or occurrence." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Here, the four new claims have a "relationship" to the three existing ones because the new claims challenge the Federal Defendants' implementation of the 2019 Permit that is challenged by the original three claims. That relationship is indisputable, and it is all that is required.

Indeed, in recognition of the relationship between Plaintiffs' original challenges to the 2019 Permit and their anticipated challenges to the Federal Defendants' future implementation actions, in December, 2019 this Court rejected the Federal Defendants' motion "to dismiss the Department of State, the Army Corps of Engineers, Fish and Wildlife Service, and BLM (collectively, 'Agency Defendants')" on the grounds "that Plaintiffs have not alleged that the Agency Defendants violated any law and the Plaintiffs have not identified any final agency actions." Order filed December 20, 2019 (Dkt. 73) at 38. At that time the "Federal Defendants [had] assert[ed] that, to the extent Plaintiffs' claims focus on BLM's decision regarding a right-of-way on federal land that the 1.2-mile pipeline segment would cross, those claims are not ripe because BLM has not yet reached a decision regarding that right-of-way." *Id.* But this Court squarely rejected the

- 10 -

Federal Defendants' motion to dismiss the Agency Defendants, ruling that "[t]he Agency Defendants remain appropriately included at this stage in the litigation." *Id.*

Thus, not only did the Federal Defendants acknowledge the relationship between the original challenges to the 2019 Permit and the anticipated challenges to the future implementation of that 2019 Permit, this Court ruled that the relationship was so clear that it denied the Federal Defendants' motion to dismiss those claims even though they were "not ripe" at that time.  *Id.*

In summary, Plaintiffs' motion is fully consistent with Rules 15(a)(2) and (d).  Rule 15 is construed with "extreme liberality" in favor of amendment. *Eminence Capital, L.L.C., v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003); *see also AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).  "Federal policy strongly favors determination of cases on their merits.  Therefore . . . leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party."  California Practice Guide (The Rutter Group 2020), Federal Civil Procedure Before Trial § 8:1461, *citing Foman v. Davis* (1962) 371 U.S. 178, 182, *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

The "standards for granting or denying motion[s] to supplement under Rule 15(d) are [the] same as [the] standards for leave to amend under Rule 15(a)." California Practice Guide, *supra*, § 8:1750.  "[S]upplemental pleadings are

favored because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits.  Therefore, absent a clear showing of prejudice to the opposing parties, they are liberally allowed." *Id.* at § 8:1750, *citing Keith v. Volpe,* 858 F2d at 473.

## V.  CONCLUSION

The Federal Defendants have failed to show undue delay, prejudice, or bad faith.  Plaintiffs' motion advances the policy of the federal courts to bring all related claims together in a single proceeding, and thereby serve justice, conserve resources, and resolve matters on their merits where possible.  Accordingly, Plaintiffs respectfully request that this Court grant them leave to file their Third Amended and Supplemental Complaint.

Respectfully submitted,

Dated:  September 11, 2020     LAW OFFICES OF STEPHAN C. VOLKER


s/ *Stephan C. Volker*
STEPHAN C. VOLKER (Pro Hac Vice)


Dated:  September 11, 2020     PATTEN, PETERMAN, BEKKEDAHL &
GREEN, PLLC

s/ *James A. Patten*
JAMES A. PATTEN

Attorneys for Plaintiffs
INDIGENOUS ENVIRONMENTAL NETWORK
and NORTH COAST RIVERS ALLIANCE

## CERTIFICATE OF COMPLIANCE

Pursuant to Montana District Court, Civil Rule 7.1(d)(2)(B), I certify that **PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT UNDER F.R. CIV. PRO. 15** contains 2477 words, excluding caption and certificate of service, as counted by WordPerfect X7, the word processing software used to prepare this brief.

s/ *Stephan C. Volker*

## CERTIFICATE OF SERVICE

I, Stephan C. Volker, am a citizen of the United States.  I am over the age of 18 years and not a party to this action.  My business address is the Law Offices of Stephan C. Volker, 1633 University Avenue, Berkeley, California 94703.

On September 11, 2020 I served the following document by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action:

**PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS  IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT UNDER F.R. CIV. PRO. 15**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 11, 2020        s/ *Stephan C. Volker*

STEPHAN C. VOLKER (Pro Hac Vice)

- 14 -