Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
Billings, MT  59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
        mstermitz@crowleyfleck.com
        jroth@crowleyfleck.com

Peter C. Whitfield
Joseph R. Guerra
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
Telephone: 202-736-8000
Email:  pwhitfield@sidley.com
        jguerra@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE, | CV 19-28-GF-BMM |
| Plaintiffs, | |
| vs. | **TC ENERGY CORPORATION AND TRANSCANADA KEYSTONE PIPELINE, LP'S NOTICE OF DISMISSAL OF *TEXAS v. BIDEN*** |
| PRESIDENT JOSEPH R. BIDEN, et al., | |
| Defendants, | |
| TRANSCANADA KEYSTONE PIPELINE, LP, a Delaware limited partnership, and TC ENERGY CORPORATION, a Canadian Public company, | |
| Defendant-Intervenors. | |

Defendant-Intervnors TransCanada Keystone Pipeline, L.P. and TC Energy Corporation (jointly "TC Energy") submit the attached Opinion and Order from the District Court for the Southern District of Texas, which dismissed the Complaint in *Texas v. Biden* as moot because the Keystone XL Pipeline has been "permanently abandoned" and is "dead." *See Texas v. Biden*, No. 3:21-cv-0065, Doc. 150, at 14, 18 (S.D. Tex. Jan. 6, 2022) ("*Texas* Mem. Op.") (attached as Exhibit 1). TC Energy respectfully submits that the decision confirms that this lawsuit is moot and should be dismissed. Counsel for TC Energy notified counsel for Plaintiffs of this development on January 7, 2022, and asked if Plaintiffs now agree that this matter is moot. As of the time of this filing, Plaintiffs' counsel had not responded.

**1.** As this Court is aware, *Texas v. Biden* was filed in March 2021 by Texas and other states challenging President Biden's revocation of the Presidential Permit for the Keystone XL Pipeline issued by President Trump in 2019. TC Energy was not a party to that challenge and did not seek to intervene in that lawsuit.

Approximately two months after that suit was filed, this Court concluded that President Biden's action did not render this suit moot. The Court stated that it could grant effective relief by ordering TC Energy to remove the portion of the pipeline that had been built at the U.S./Canada border. Order on Mootness, Doc. 166, at 9-10 (May 28, 2021). The Court further concluded that Plaintiffs had "raised reasonable fears that President Biden or a future president could

unilaterally issue a new border permit for the now decades-old Keystone project." *Id.* at 13. The Court cited, *inter alia*, the fact that President Biden's "unilateral revocation now sits at the center of new litigation filed in the Southern District of Texas." *Id.* at 11 (citing *Texas v. Biden*).

In June 2021, TC Energy announced that it had terminated the Keystone XL Pipeline Project.[1] TC Energy believed that the termination of the Project was a new circumstance that rendered fears of a future re-issuance of a Presidential Permit for the Project unreasonable, and moved to dismiss the case as moot. Doc. 167 (June 9, 2021). Plaintiffs opposed the motion, arguing, among other things, that TC Energy could "resume its construction if *Texas v. Biden* succeeds and its Presidential Permit is thereby reinstated." Doc. 172, at 6 (July 21, 2021). This Court denied the motion, stating that "[n]othing in TC Energy's announcement [of the termination of the Project] alters the status of this case as the Court assessed in its Order on Mootness." Second Order on Mootness, Doc. 173, at 3 (July 30, 2021). The Court added that TC Energy should continue to apprise the Court of any changes to the pipeline in the international border segment of the Project. *Id.*

---

[1] *See* TC Energy Corporation and TransCanada Keystone Pipeline, LP's Notice Regarding Termination of the Keystone XL Pipeline, Doc. 167, at 3 (June 9, 2021).

**2.** On August 4, 2021, TC Energy submitted a Status Report advising this Court that it was in discussions with the Bureau of Land Management ("BLM") about a plan to remove the buried pipe in the border segment of the Project and to relinquish the right-of-way it had acquired from BLM. Doc. 174, at 1-2 (Aug. 4, 2021). TC Energy further explained that it was selling property, terminating leases, and relinquishing permits to construct the Project beyond the border segment.[2]

In September 2021, TC Energy advised this Court that BLM and the Montana Department of Environmental Quality had approved TC Energy's decommissioning plan, under which the buried pipeline would be removed and the land restored in the international border segment. Doc. 176, at 1-2 (Sept. 17, 2021). In addition, BLM had approved TC Energy's request to relinquish its right-of-way and temporary use permit over federal lands beyond the international border segment. *Id.* at 1.

On September 22, 2021, TC Energy sought leave to file an amicus brief in *Texas v. Biden* to advise the District Court in Texas of these activities and to

---

[2]*Id.* at 2-4 (explaining that TC Energy had relinquished the incidental take statement acquired from the Fish and Wildlife Service under the Endangered Species Act; its application for a permit under Section 404 of the Clean Water Act had been deemed withdrawn by the Army Corps of Engineers; and it was selling pump stations and property, terminating leases, and submitting notices of termination of state water control permits acquired for the Project).

explain to that court that they rendered litigation about the validity of President
Biden's revocation of the Presidential Permit moot.[3]

On October 19, 2021, TC Energy advised this Court that it had finished
excavating and removing the buried pipeline in the border segment, and the
removed pipe had been sent offsite for salvage. Doc. 178, at 1-2 (Oct. 19, 2021).
TC Energy also had performed reclamation measures to restore the land disturbed
by the removal of the pipe as required by the decommissioning plan, and will
relinquish to BLM the right-of-way grant at the border when BLM determines that
the reclamation measures are successful, which is expected in 2022. *Id.*[4]

**3.** On January 6, 2022, the District Court in Texas dismissed *Texas v. Biden*
as moot because TC Energy's actions demonstrate that "Keystone XL is dead," and
"any ruling … on whether President Biden had the authority to revoke the permit
would be advisory." *Texas* Mem. Op. at 14. The Court noted that TC Energy had
filed a status report in this case stating that it "will not pursue any permits for the
Project, *nor will it perform any construction activities in furtherance of the Project
now or at any time in the future*." *Id.* at 12 (emphasizing and quoting from TC

---

[3] *See* TC Energy and TransCanda Keystone Pipeline LP's Notice of Filing Amicus
Brief in *Texas v. Biden*, Doc. 177 (Sept. 27, 2021).

[4] TC Energy also had begun the process of terminating the lease rights and
releasing easements rights it acquired from the State of Montana for the state land
in the border segment. *Id.*

Energy's June 9, 2021 Status Report in this case). The Court also cited TC Energy's amicus brief, which explained that TC Energy was removing the border-crossing segment of the pipe and had "'relinquished a number of critical approvals it had obtained for the Project.'" *Id.* at 13 (quoting Amicus Br. at 6-7).

The Court concluded that "[e]vidently the 2021 Executive Order was the last straw," and "TC Energy's seemingly abrupt surrender was actually the chagrined culmination of many years of effort and the outlay of countless resources striving to make the pipeline a reality." *Id.* at 16. In light of the "tedious decade-long process [TC Energy] endured to obtain the necessary federal, state, and local permits to construct the pipeline," the Court found that there is not a "a reasonable expectation that [the plaintiff States] will face the same unlawful action again." *Id.* The "obstacles" TC Energy endured "cast a dark shadow of doubt" that an order setting aside the revocation of the Presidential Permit "will induce TC Energy, or any other company, to 'undertake the complex and lengthy process of commercializing, financing, developing, and permitting a new project from scratch.'" *Id.* (quoting Amicus Br. at 7).

The Texas Court therefore held that the States "lack a legally cognizable interest in the outcome," and "the court is not capable of providing them meaningful relief," because they "seek to revive a project that its owner has

permanently abandoned." *Id.* at 18. "Because the court cannot grant any relief that would not be purely advisory, the case is moot." *Id.*

TC Energy respectfully submits that the *Texas* Court's reasoning confirms that this case, too, is moot. Because President Biden has revoked the Presidential Permit, and TC Energy has removed the pipe, remediated the land in the BLM right-of-way, and permanently abandoned the Project, this Court cannot provide Plaintiffs with any meaningful relief. There is no longer a Presidential Permit that the Court can declare unlawful and set aside, no buried Keystone XL Pipeline that the Court can order to be removed from the ground, and no Keystone XL Project that can be enjoined from further construction.

TC Energy's definitive actions in unwinding the Project thus make clear that, even if some future President were to issue a permit for the abandoned Keystone XL Project, Plaintiffs would suffer no harm because such a permit would not "induce TC Energy, or any other company, to 'undertake the complex and lengthy process of commercializing, financing, developing, and permitting a new project from scratch.'" *Texas* Mem. Op. at 16 (quoting TC Energy Amicus Br. at 7). A decision opining on whether President Trump had the authority to issue the Presidential Permit would therefore be an advisory opinion.

Dated: January 12, 2022                    Respectfully Submitted,


CROWLEY FLECK PLLP                    SIDLEY AUSTIN LLP

/s/ Jeffery J. Oven                        /s/ Peter C. Whitfield
Jeffery J. Oven                            Peter C. Whitfield
Mark L. Stermitz                           Joseph R. Guerra
Jeffrey M. Roth                            1501 K Street, N.W.
490 North 31st Street, Ste. 500            Washington, DC 20005
Billings, MT 59103-2529                    Telephone: 202-736-8000
Telephone: 406-252-3441                    Email: pwhitfield@sidley.com
Email: joven@crowleyfleck.com                     jguerra@sidley.com
        mstermitz@crowleyfleck.com
        jroth@jcrowleyfleck.com


*Counsel for TransCanada Keystone Pipeline LP and TC Energy Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this filing contains 1539

words, excluding the caption and certificates of service and compliance.

/s/ *Jeffery J. Oven*
Jeffery J. Oven

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served today a copy of the foregoing by using the Court's CM/ECF system on all counsel of record.

/s/ *Jeffery J. Oven*
Jeffery J. Oven